FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2015 MAY 21  P 1: 15

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MUSTAFA MUHAMMAD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15CV645-LMB/IDD |
| | ) |
| NATIONAL TECHNOLOGY | ) **JURY TRIAL DEMAND** |
| RENTALS, INC. | ) |
| 23430 Rock Haven Way, Ste. 120 | ) |
| Sterling, VA 20166-4405 | ) |
| | ) |
| SERVE:      HORACLO LAVALLEN | ) |
|                   33 Wood Ave S, 7th Floor | ) |
|                   Iselin, NJ 08830-2735 | ) |
| | ) |
| AND | ) |
| | ) |
| LAWRENCE R. GAZDICK, JR. | ) |
| 20920 Fowlers Mill Cir. | ) |
| Ashburn, VA 20147-4825 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Mustafa Muhammad ("Plaintiff"), by and through undersigned counsel, hereby

submits this Complaint against Defendant National Technology Rentals, Inc. ("NTRI") and

Defendant Lawrence R. Gazdick, Jr. ("Gazdick") (collectively, "Defendants") to recover unpaid

wages, liquidated damages, reasonable attorney's fees, and costs under Section 16(b) of the

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland.

2.      NTRI is a corporation formed under the laws of the State of New Jersey with its corporate headquarters at 33 Wood Ave, Iselin, NJ 08830.

3.      At all times relevant to this action, NTRI was an enterprise engaged in interstate commerce within the meaning of the FLSA.

4.      Defendants established pay policies and acted as an employer suffering and permitting Plaintiff to work without being paid his overtime premium.

5.      As owner and operator of NTRI and Defendant Gazdick established pay policies and acted personally as an employer suffering and permitting Plaintiff to work without being paid the legally required overtime premium.

6.      At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a), and Defendants fit the definition of an "employer" under the same section of the FLSA.

7.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because NTRI operates in this district and a substantial part of the unlawful conduct giving rise to these claims occurred in this district.

## FACTS AND ALLEGATIONS

8.      Plaintiff commenced his employment as a technician with NTRI in 2011.

9.      During his employment for Defendants, Plaintiff's base pay was $16.00 per hour.

10.     Plaintiff's overtime rate was $24.00 per hour.

11.     Plaintiff was a high-performing employee; he consistently received positive

feedback and high performance appraisals.

12.     Plaintiff consistently worked in excess of forty (40) hours per week.

13.     Plaintiff was therefore qualified for overtime pay.

14.     Consistently, throughout Plaintiff's employment with Defendants, his overtime

was calculated based on an eighty (80) hour pay roll period rather than each individual forty (40)

hour week.

15.     A week-by-week calculation is required by the FLSA's regulations; specifically,

29 CFR § 778.104 states

> [t]he Act takes a single workweek as its standard and does not permit averaging of
> hours over 2 or more weeks. Thus, if an employee works 30 hours one week and
> 50 hours the next, he must receive overtime compensation for the overtime hours
> worked beyond the applicable maximum in the second week, even though the
> average number of hours worked in the 2 weeks is 40. This is true regardless of
> whether the employee works on a standard or swing-shift schedule and regardless
> of whether he is paid on a daily, weekly, biweekly, monthly or other basis. The
> rule is also applicable to pieceworkers and employees paid on a commission
> basis. It is therefore necessary to determine the hours worked and the
> compensation earned by pieceworkers and commission employees on a weekly
> basis.

16.     Defendants created a pattern of undercompensation by using this method of

payment.

17.     Defendants, on information and belief, knowingly and willfully used this method

of calculating hours to undercompensate Plaintiff.

18.     Plaintiff was regularly scheduled to work one week in a pay period that was

substantially beyond forty (40) hours and a second week with approximately ten (10) hours.

19.     On weeks such as the one described above, Plaintiff would not receive overtime

pay.

20.      Plaintiff is not currently in possession of complete payroll records, but he is able

to provide several examples:

- For the pay period ending November 23, 2014, Mr. Muhammad was paid for
  only 22.49 hours of overtime in a pay period where he worked 40.44 hours of
  overtime;

- For the pay period ending December 23, 2012, Mr. Muhammad was paid for 8
  hours of overtime in a pay period where he worked 17.5 hours of overtime;

- For the pay period ending June 9, 2013, Mr. Muhammad was paid for 8 hours
  of overtime in a pay period where he worked 14.7 hours of overtime;

- For the pay period ending June 8, 2014, Mr. Muhammad was paid for 69.5
  hours of overtime in a pay period where he worked 85.83 hours of overtime;

- For the pay period ending June 22, 2014, Mr. Muhammad was paid for 27.19
  hours of overtime in a pay period where he worked 33.31 hours of overtime;

- For the pay period ending July 6, 2014, Mr. Muhammad was paid for 17.06
  hours of overtime in a pay period where he worked 23.6 hours of overtime;

- For the pay period ending August 3, 2014, Mr. Muhammad was paid for 25.15
  hours of overtime in a pay period where he worked 47.75 hours of overtime;
  and

- For the pay period ending August 17, 2014, Mr. Muhammad was paid for 0
  hours of overtime in a pay period where he worked 42.87 hours of overtime.

21.      Section 207(a)(1) of the FLSA provides that "no employer shall employ any of

his employees . . . for a workweek longer than forty hours unless such employee receives

4

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

22.    Defendants, therefore, were required to pay Plaintiff a minimum rate of $24.00 per hour ($26.35 * 1.5) for every hour he worked over forty (40) hours per week.

23.    At all times, Defendants had knowledge that Plaintiff regularly and customarily worked in excess of forty (40) hours per week and suffered or permitted Plaintiff to work in excess of forty (40) hours per week.

24.    Defendants failed to pay Plaintiff an amount that shall be determined in discovery for the uncompensated overtime hours worked.

25.    At no time did Plaintiff have duties or responsibilities that would cause him to meet the definition of exempt under the FLSA.

## WILLFULNESS

26.    Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

27.    All actions by Defendants were willful and not the result of mistake or inadvertence.

28.    Defendants knew Plaintiff was regularly working in excess of forty (40) hours per week.

29.    Defendants scheduled Plaintiff in such a way as to avoid multiple forty-plus hour work weeks within the same pay period and to take advantage of an illegal method of calculating overtime hours, contrary to 29 CFR § 778.104.

30.     Defendants knew or should have known about its obligation to pay Plaintiff overtime based on a week by week calculation.

## COUNT I
### (Violations of Federal Fair Labor Standards Act)
### 29 U.S.C. § 201 *ET SEQ.*

31.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

32.     Defendants were employers of Plaintiff for purposes of the FLSA.

33.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were his "employer" under FLSA, 29 U.S.C. § 207(a)(2).

34.     Defendants are entities engaged in interstate commerce.

35.     The FLSA requires that employers pay employees wages that compensate the employees for overtime hours worked per week in excess of forty (40) at an hourly rate not less than one-and-one half (1½) times their hourly wage.

36.     Plaintiff regularly worked uncompensated overtime hours, with the actual and/or constructive knowledge of Defendants.

37.     Defendants failed to compensate Plaintiff at a rate of time and a half his normal pay rate for all hours over forty that she worked each workweek.

38.     Defendants regularly and willfully violated the FLSA by not paying Plaintiff overtime wages for all hours he was required and/or "suffered or permitted" to work over 40 (forty) hours each week.

39.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

6

## PRAYER FOR RELIEF

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff Mustafa Muhammad demands a trial by jury.

Respectfully submitted,

Benjamin W. Owen, VA Bar No. 86222
Joshua Erlich, VA Bar No. 81298
Davia Craumer, VA Bar No. 87426
**The Erlich Law Office, PLLC**
2111 Wilson Blvd.
Suite 700
Arlington, VA  22201
Tel:    (703) 791-9087
Fax:    (703) 351-9292
Email: bowen@erlichlawoffice.com
         jerlich@erlichlawoffice.com
         dcraumer@erlichlawoffice.com

*Counsel for Plaintiff*